Campbell and Zell Co. *vs.* Roediger.

(Decided 13th March, 1894.)

Robinson, C. J., dissented.

———

The Campbell and Zell Company, a body corporate *vs* John L. Roediger, an Infant, by his Father, Frederick Roediger.

*Injury to Employé—Liability of Master—Incompetent foreman—Dangerous machinery.*

The plaintiff, a boy eighteen years of age, was employed by the defendant, a body corporate, in its machine shop and foundry as a common laborer, "to clean the yard, and to carry things,

and straighten up matters" generally. On the day of the accident the plaintiff was directed by the foreman of the laborers to assist in working a derrick, the chain of which was raised and lowered by a handle, attached to a small wheel, the cogs of which fitted in the cogs of a larger wheel. After lowering the chain some distance by means of the handle, he was directed to take off the handle, and to turn the big wheel with his hands; and while thus turning the wheel, a fellow-workman by the direction of the foreman, caught hold of the chain, and by a sudden jerk the plaintiff's hand was caught between two wheels and badly injured. The turning of the big wheel with the hands was an irregular way of lowering the chain, and was attended with more or less danger. The plaintiff had never before assisted in working a derrick, nor had he observed the working of one, nor was he warned of the danger of turning the big wheel with his hands. The foreman had been drinking that morning, and was in fact an habitual hard drinker, and his intemperate habits were known to the defendant's superintendent. In an action to recover damages for the injury, it was HELD:

That an instruction by which, in order to entitle the plaintiff to recover, the jury were required to find that he was exposed to a danger not incident to his employment, and not apparent; and that the injury occurred by reason of the incompetency of the defendant's foreman, and that the incompetency was known to the defendant, was not prejudicial to the defendant, there being evidence on which to base it.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiff offered eight prayers, the first, second, third, fifth, sixth and seventh of which the Court (RITCHIE, J.,) rejected, and they are omitted. The fourth was withdrawn, and the eighth, as to the measure of damages, was granted, but its insertion is deemed unnecessary.

The defendant offered four prayers, the first, second, and fourth of which were rejected, and the third was granted. The Court gave an instruction of its own.

Campbell and Zell Co. *vs.* Roediger.

The prayers of the defendant, and the instruction given by the Court are sufficiently set out in the opinion of this Court. The defendant excepted, and the verdict and judgment being against it, this appeal was taken.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, McSHERRY, BOYD, and BRISCOE, J.

*Ferdinand C. Dugan,* and *George R. Willis,* for the appellant.

*Joseph P. Merryman,* for the appellee.

ROBINSON, C. J., delivered the opinion of the Court.

This is, it seems to us, a plain case. The plaintiff, about eighteen years of age, was employed by the defendant company in its machine shop and foundry, as a common laborer, "to clean the yard, to carry things, and straighten up matters" generally about the premises. On the morning of the accident he had been employed in helping to put sections of steam boilers upon an open railroad car for shipment, and which were raised from the ground by means of a derrick. Later in the day he was directed by Powell, the foreman of the laborers, to assist in working another derrick, then being operated on another part of the premises. This derrick consisted of a mast and jib, and the chain was raised and lowered by means of a handle, which was attached to a small wheel, the cogs of which fitted in between the cogs of a larger wheel, and the chain, wound around what is called a drum. Powell, who was standing on the platform above the plaintiff, told the latter, to take hold of the handle, and help lower the chain, and after three or four revolutions, Powell directed him to take off the handle, and to turn the big wheel with his hands. And while he was thus turning the big wheel, Zellor, a fel-

low-workman, by the direction of Powell, caught hold of the chain, and by a sudden jerk threw the plaintiff's hand off the wheel, causing it to be caught between the gear wheel and big wheel, in consequence of which it was badly injured. The proof shows that the turning of the big wheel with the hands was an irregular way of lowering the chain, and was attended with more or less danger, and that the probable effect of a sudden jerk of the chain was to throw one's hands off the spokes of the big wheel, and cause it to be caught between the two wheels, just as the plaintiff's hand was caught. The plaintiff had never before assisted in working a derrick, nor had he observed the workings of one, nor was he warned of the danger in turning the big wheel with his hands. Powell, the foreman, it appears had been drinking on the morning of the accident, and was in fact an habitual hard drinker, sometimes getting drunk, and his intemperate habits were known to McCoy, the defendant's superintendent.

Upon this evidence the defendant asked the Court to instruct the jury:

1st. That there was no evidence legally sufficient, to entitle the plaintiff to recover.

2ndly. That there was no evidence of negligence on the part of the defendant.

3rdly. That the evidence shows the accident was the direct result of the want of ordinary care and prudence on the part of the plaintiff and his fellow-workmen, and the plaintiff was not therefore entitled to recover.

These instructions the Court refused, but instructed the jury at the request of the defendant, that if they should find that the plaintiff was of sufficient age and intelligence to understand the nature of the risk to which he was exposed, and had reasonable notice of the dangerous nature of the services he was performing, and that the injury occurred through no fault or negligence

Campbell and Zell Co. *vs.* Roediger.

on the part of the defendant, then their verdict must be for the defendant.

And the Court of its own motion further instructed the jury, that if they should find that the plaintiff was employed by the defendant as a laborer, and that a certain Powell, was defendant's foreman of laborers, and that the plaintiff was injured while working the crane referred to under the orders of Powell, then the plaintiff is not entitled to recover, unless they shall further find, that such work was dangerous and such as the plaintiff was not employed to perform, and that the plaintiff was not aware of the dangerous character of such work, and that the same was not apparent, and shall also further find that the said Powell was not sufficiently competent and skilful to act as foreman of the laborers in working the derrick referred to, and that the accident to the plaintiff occurred because of said Powell's want of competency and skill, and shall also find that the defendant knew that said Powell was incompetent and unskilful as a foreman of laborers, and retained him in its employment, notwithstanding such knowledge.

So, to entitle the plaintiff to recover under this instruction the jury was obliged to find, in the first place, that he was exposed to a danger not incident to his employment, and one not apparent; and in the next place that the injury occurred by reason of the incompetency of Powell, the foreman of the laborers, and that his incompetency was known to the defendant. The defendant has not it seems to us any ground on which to object to this instruction.

There was evidence to show that Powell was a person of intemperate habits, and that his habits were known to the defendant's superintendent, and that with such knowledge he was retained by the defendant in its service. There was evidence to show that Powell had been drinking on the morning of the accident, and that

he exposed the plaintiff to a danger not incident to his employment, and one not apparent to a young and inexperienced person.　In fact there was evidence tending to show that the injury was caused by the negligence of Powell, and without any negligence on the part of the plaintiff.　And such being the case there was no error in refusing the defendant's instructions, nor in the instruction granted by the Court.

*Judgment affirmed.*

(Decided 13th March, 1894.)